**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 20 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50025 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-01258-IEG-1 |
| v. | |
| EVERARDO HERNANDEZ-BELTRAN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Irma E. Gonzalez, Chief District Judge, Presiding

Argued and Submitted January 10, 2012
Pasadena, California

Before: KOZINSKI, Chief Judge, REINHARDT and W. FLETCHER, Circuit
Judges.

Everardo Hernandez-Beltran entered a conditional plea to one count of

knowingly importing a controlled substance in violation of 21 U.S.C. §§ 952 and

960, reserving the right to appeal the denial of his motion to dismiss the indictment

due to alleged errors in the grand jury instruction. We affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

The district judge did not err in responding "correct" to a prospective grand juror's statement that "something must have happened" prior to an individual's case being presented before the grand jury. The "correct" confirmed that other actors were involved in the criminal process, but did not suggest that the grand jury's determination should in any way be influenced by those actors' determinations. *See United States v. Caruto,* 663 F.3d 394, 401 (9th Cir. 2011).

We have previously held that the other grand jury instructions that appellant challenges are not constitutionally defective. *See id*. at 401-02; *United States v. Cortez-Rivera*, 454 F.3d 1038, 1040-41 (9th Cir. 2006); *United States v. Navarro-Vargas*, 408 F.3d 1184, 1202-03, 1206-08 (9th Cir. 2005) (en banc).

**AFFIRMED.**